# United States Court of Appeals
## For the First Circuit

No. 10-1020

BETHZAIDA CINTRÓN-LORENZO,

Plaintiff, Appellant,

v.

FONDO DEL SEGURO DEL ESTADO ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Camille L. Velez-Rive, U.S. Magistrate Judge]

Before

Lynch, Chief Judge,
Souter, Associate Justice,*
and Stahl, Circuit Judge.

Nicolás Nogueras Cartagena, with whom Maria Teresa Figueroa Colón was on brief, for appellant.
Irene S. Soroeta-Kodesh, Solicitor General, with whom Leticia Casalduc-Rabell, Deputy Solicitor General, Susana I. Peñagarícano-Brown, Assistant Solicitor General, Carlos George-Iguina, and Joanna Matos Hicks, were on briefs, for the appellees.

February 4, 2011

---

* The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, <u>Associate Justice</u>**.    The plaintiff, Bethzaida Cintrón-Lorenzo, alleges sexual harassment and discrimination by her employment supervisor, Orlando Aldebol-Borrero, at a Puerto Rican government insurance fund, Fondo del Seguro del Estado, and she has complained of this sexual misconduct in statutory and constitutional claims against them and others over the course of nearly eight years.  This appeal challenges the district court's dismissal of equal protection claims brought under 42 U.S.C. § 1983 and supplementary complaints under Puerto Rican statutes, the former found to have been filed after the statute of limitations had run.  We affirm.

On the face of the pleadings and documents before the trial court, the § 1983 action is patently untimely.  The most recent instance of allegedly forbidden action is said to have occurred on June 19, 2003 (identified in a 2003 administrative complaint of a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., filed with the Equal Employment Opportunity Commission).  It is undisputed that the limitation period for an equal protection claim under § 1983 is borrowed from local law and is one year in Puerto Rico.  This action was not filed until July 10, 2007.

Cintrón-Lorenzo contends that the running of the one-year statute was tolled, first by filing her administrative complaint with the EEOC, then by filing an earlier judicial action

(mentioning no § 1983 claim and eventually dismissed voluntarily without prejudice), an argument that all agree turns in part on the Puerto Rican tolling rule, P.R. Laws Ann. tit. 31 § 5303 (Official translation 1990).[1]  Many pages of briefing address the question whether the first judicial action stated non-§ 1983 causes of action similar enough to the later equal protection claim to toll the running of the one-year statute under the Puerto Rican rule. See, e.g., Cintrón v. E.L.A., 127 P.R. Dec. 582 (1990).  This issue is irrelevant, however, for the one-year period had run before the first judicial action was filed.

Although there are no translated cases from the Supreme Court of Puerto Rico, and no cases from this circuit or from the Supreme Court determining whether filing a Title VII complaint with the EEOC can affect the limitation period for a related § 1983 action, cases addressing § 1981 have held the answer to be no. See Johnson v. Ry Express Agency, Inc., 421 U.S. 454, 466 (1975); Leon-Nogueras v. Univ. of P.R., 964 F. Supp. 585, 589 (D.P.R. 1997). But even if we treat the issue as undecided, the Puerto Rican rule would apparently, at best, reset the commencement of the one-year period at the date of filing the EEOC complaint; it would not suspend the running of the period during pendency of the complaint before the EEOC.  Leon-Nogueras, 964 F. Supp. at 589 (an

---

[1]"Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

extrajudicial claim may serve to "restart[] the running of the . . . statute of limitations" on the § 1983 judicial claim, but it does not preserve the judicial claim "in a state of suspended animation"). In this case the administrative complaint was filed on July 10, 2003; the first judicial complaint was filed over one year later, on August 13, 2004. Thus, giving Cintrón-Lorenzo every possible indulgence, the § 1983 limitation period had expired before she entered federal court the first time.

As to the local statutory actions, even if timely, the district court was of course acting with reasonable discretion to dismiss them without prejudice once the federal claim was out of the case.

**Affirmed.**