# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2012

No. 12-30025
Summary Calendar

Lyle W. Cayce
Clerk

BAYOU STEEL CORPORATION; NEW YORK MARINE & GENERAL INSURANCE COMPANY,

Plaintiffs–Appellants

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1034

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This insurance coverage dispute, now on its third appeal to this court, concerns the apportionment of liability for a severe leg injury suffered by a worker unloading steel bundles owned by Plaintiff–Appellant Bayou Steel Corporation ("Bayou"). We determine that the district court correctly applied the law-of-the-case and waiver doctrines, and therefore affirm its grant of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30025

summary judgment to Defendant–Appellee National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("NUFIC-PA").

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The facts have been previously recounted by this court in *Bayou Steel Corp. v. Evanston Insurance Co.*, 354 F. App'x 9 (5th Cir. 2009) ("*Bayou Steel I*"), and *Bayou Steel Corp. v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania*, 642 F.3d 506 (5th Cir. 2011) ("*Bayou Steel II*").  Ryan Campbell was injured on October 2, 2002 while unloading steel bundles owned by Bayou on a barge owned by Memco Barge Lines, Inc. ("Memco").  Bayou had contracted with Memco to transport the steel from LaPlace, Louisiana to Chicago, Illinois. Bayou had contracted with Kindra Marine Terminal ("Kindra"), a stevedoring company, to unload the steel bundles in Chicago.  Campbell was working for Kindra at the time of his injury.

After settling the suit brought by the injured worker, Bayou and Plaintiff–Appellant New York Marine & General Insurance Company ("NYMAGIC") brought this suit seeking a declaration of coverage and reimbursement from NUFIC-PA and Evanston Insurance Company ("Evanston"), which is not a party to this appeal.[1]  NYMAGIC had issued an excess wharfinger policy to Bayou; Evanston was Bayou's commercial general liability insurer; and NUFIC-PA was Bayou's commercial umbrella carrier.  On cross-motions for summary judgment, the district court granted NUFIC-PA's and Evanston's motions, ruling that a Longshoreman and Harbor Workers Compensation Act exclusion applied, but this court reversed and remanded that judgment.  *Bayou Steel I*, 354 F. App'x at 12–14.  On remand and after another round of cross-motions for summary judgment, the district court granted NYMAGIC's motion, determining that Kindra was Bayou's sub-contractor, and

---

[1] This court concluded that Evanston's policy covered Campbell's injury in a prior appeal. *Bayou Steel I*, 354 F. App'x at 14.

2

No. 12-30025

that therefore Campbell's injury fell within an exclusion in NYMAGIC's policy for personal injuries suffered by employees of Bayou's sub-contractors. On appeal, this court again reversed and remanded the district court's judgment, holding that "Kindra was Bayou's contractor—not its *sub*-contractor—so that Campbell's injuries are not excluded from coverage under NYMAGIC's policy." *Bayou Steel II*, 642 F.3d at 507.

On remand, another round of cross-motions ensued. Bayou and NYMAGIC argued that notwithstanding this court's determination that the exclusion for sub-contractor injuries in NYMAGIC's policy did not apply because Kindra was Bayou's contractor, Campbell was actually employed by Innovative Business Concepts, Inc., which had "supplied" or "rented" him to Kindra; IBC, therefore, was Kindra's sub-contractor and the exclusion applied. The district court applied the law-of-the-case doctrine in rejecting this argument, reasoning that this same argument had been briefed in *Bayou Steel II*, and even though this court's decision in that appeal failed to mention the IBC argument, it was implicitly and necessarily rejected: this court could not have reversed the judgment granted to NYMAGIC if it had not determined that Campbell was employed by Kindra, not IBC.

In the alternative, Bayou and NYMAGIC argued that they were entitled to summary judgment based on Endorsement #4 in NYMAGIC's policy, which states:

> Notwithstanding anything to the contrary, this policy shall exclude coverage for liability for loss or damage which would be covered under the most current terms of the Standard Comprehensive General Liability Policy (Occurrence Basis) as promulgated by the Insurance Service Office.

The district court determined that even though it agreed with Bayou and NYMAGIC on the merits of this argument—because this court held in *Bayou Steel I* that Bayou's CGL policy, issued by Evanston, covered Campbell's

No. 12-30025

injury—it was nonetheless waived. The district court conceded that Bayou and NYMAGIC had alluded to Endorsement #4 in the first round of motions for summary judgment and on this case's first appeal to this court. But it had not been mentioned in their motion for a new trial, in their reply brief filed in this court during the first appeal, nor in any papers filed during the second round of summary judgment motions. Referring to its waiver finding as a "close call," the district court ultimately concluded that Bayou and NYMAGIC had "abandoned their invocation of Endorsement #4 by failing to raise it at all before this Court during the second round of cross-motions, or on appeal to the Fifth Circuit leading up to *Bayou Steel II*." Having rejected both of Bayou's and NYMAGIC's arguments, the district court entered judgment in favor of NUFIC-PA. Bayou and NYMAGIC timely appealed.

## II.  JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction under 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's grant of summary judgment. *Greenwood 950, L.L.C. v. Chesapeake La., L.P.*, 683 F.3d 666, 668 (5th Cir. 2012). "Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see* Fed. R. Civ. P. 56(a). We review de novo the district court's application of the law-of-the-case and waiver doctrines. *See Gen. Universal Sys., Inc., v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007).

## III.  DISCUSSION

"The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (internal quotation marks omitted). Therefore, an issue of law "decided on appeal may not be reexamined by the district court on remand or by

the appellate court on a subsequent appeal." *Id.* (internal quotation mark omitted). "Conversely, an issue that is not expressly or implicitly decided on appeal does not become part of the law of the case." *Id.*

The waiver doctrine "holds that an issue that could have been but was not raised on appeal is forfeited and may not be revisited by the district court on remand." *Id.* Like the law-of-the-case doctrine, the waiver doctrine "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals," *id.* (internal quotation marks omitted), but unlike the law-of-the-case doctrine, the waiver doctrine "arises as a consequence of a party's inaction, not as a consequence of a decision on our part," *id.*

We agree with the district court that in *Bayou Steel II* this court implicitly decided that Campbell was employed by Kindra—not IBC—and that therefore the NYMAGIC policy's exclusion for personal injuries suffered by employees of Bayou's sub-contractors did not apply.[2] The *Bayou Steel II* court stated that the "ultimate issue" on appeal was "whether Campbell's employer, Kindra, was Bayou's contractor or its sub-contractor for purposes of the" NYMAGIC policy's exclusion. 642 F.3d at 507 (emphasis omitted). In addition, the court could not have logically reversed the summary judgment granted to Bayou and NYMAGIC had it not rejected their argument that Campbell was an IBC employee; the argument was raised and provided a means of affirming the summary judgment. That Campbell did not fall within the exclusion in NYMAGIC's policy was thus part of the law of the case, as the district court correctly concluded.

We also agree with the district court's conclusion that Bayou and NYMAGIC waived their argument that Endorsement #4 applies by failing to

---

[2] Under Louisiana law, the "[i]nterpretation of an insurance contract generally involves a question of law." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Bonin v. Westport Ins. Corp.*, 930 So. 2d 906, 910 (La. 2006)).

raise it on remand after the first appeal or during the second appeal. Because they failed to raise it during that period, the issue "could not [have been] revisited by the district court on remand." *Med. Ctr. Pharmacy*, 634 F.3d at 834. A finding of waiver here serves the purpose of the waiver doctrine, which is to promote judicial economy by sparing the parties and this court from later rounds of appeals, such as this. The district court correctly applied the waiver doctrine to prevent Bayou and NYMAGIC from raising their argument related to Endorsement #4.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's summary judgment in favor of NUFIC-PA.

AFFIRMED.