# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40319
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2014

Lyle W. Cayce
Clerk

HUMBERTO HINOJOSA,

      Plaintiff – Appellant,

v.

UNITED STATES BUREAU OF PRISONS; WARDEN BASTROP, FEDERAL CORRECTIONAL INSTITUTE; UNITED STATES OF AMERICA,

      Defendants – Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CV-63

---

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Humberto Hinojosa appeals from the district court's final order granting summary judgment to Defendant-Appellee Claude Maye in his suit alleging that he was improperly deprived of his good-time credit, delaying his release from prison. Finding no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40319

I.

After his release from federal prison, Hinojosa filed suit against the Federal Bureau of Prisons (BOP) and Claude Maye as "Warden Bastrop, Federal Correctional Institute" (Maye), alleging that due to a deprivation of his accrued good-time credit, he was improperly detained after fully serving his sentence. The United States was substituted as the sole defendant, and Hinojosa amended his complaint to rejoin the BOP and Maye. The district court granted the United States' motion for summary judgment and also dismissed with prejudice Hinojosa's claims against the BOP and Maye. Hinojosa appealed, and we affirmed the dismissal of the claims against the BOP. However, we modified the judgment to dismiss without prejudice the claim against the United States. As to this claim, we concluded that the district court lacked jurisdiction because Hinojosa had not exhausted his administrative remedies. Finally, we vacated the dismissal of the claim against Maye. As to this claim, we noted that Hinojosa had not pleaded any facts specifically showing how Maye violated his rights. A dismissal with prejudice was not appropriate at the time, however, because we could not say, based on the record before us, that it was impossible for Hinojosa to state a claim against Maye.

On remand, Maye filed a motion for summary judgment accompanied by a declaration, averring that he had no involvement in the computation of Hinojosa's sentence and good-time credit. Hinojosa did not respond to Maye's motion, but instead asked the district court to strike it. He also moved for the district judge to recuse himself. The district court denied Hinojosa's motions and granted Maye's summary judgment motion. The court then entered a final judgment that dismissed with prejudice Hinojosa's claim against Maye. After the district court denied Hinojosa's Rule 59 motion to amend the judgment, Hinojosa initiated this appeal.

2

No. 14-40319

II.

On appeal, Hinojosa argues that the district court violated our mandate by: (1) failing to issue a separate order stating whether the statute of limitations had run on his claim against Maye; (2) failing to issue a separate order stating that Hinojosa's claim against the United States was dismissed without prejudice; and (3) allowing Maye to submit a summary judgment motion and affidavit on remand.

Hinojosa misunderstands the effect of our prior rulings. In the previous appeal, we vacated the district court's dismissal of Hinojosa's claim against Maye, rather than modifying the dismissal to be without prejudice, so that Hinojosa could amend his complaint on remand unimpeded by the statute of limitations. Our ruling did not require the district court to enter a separate order concerning the statute of limitations, and Hinojosa's argument to the contrary is meritless. Similarly unavailing is Hinojosa's contention that the district court should have entered a separate order stating that his claim against the United States was dismissed without prejudice. The district court was not required to enter a separate, modified judgment because we had already modified the court's judgment.

In addition, neither our prior rulings nor the waiver doctrine precluded Maye from filing a summary judgment motion and accompanying affidavit on remand. In the previous appeal, we held that a *Rule 12(b)(6) dismissal without prejudice* of Hinojosa's claim against Maye was improper because Hinojosa should have had an opportunity to amend his complaint; we did *not* hold that Hinojosa's claim could survive summary judgment. Furthermore, the waiver doctrine is inapplicable because Maye did not attempt to raise an issue in his summary judgment motion that could have been raised during the previous appeal. *See Med. Ctr. Pharmacy v. Holder,* 634 F.3d 830, 834 (5th Cir. 2011) (observing that the waiver doctrine "holds that an issue that could have been

3

but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand") (emphasis in original).   Hinojosa argues that Maye's affidavit should have been submitted on appeal, rather than on remand, but he cites no authority for that proposition.  Indeed, Rule 56 of the Federal Rules of Civil Procedure provides that "*at any time* until 30 days after the close of all discovery," a party may move for summary judgment, and the district court "*shall* grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a), (b) (emphases added).  Moreover, a party may support its summary judgment motion by an affidavit or declaration made on personal knowledge.  Fed. R. Civ. P. 56(c)(4).

On *de novo* review, and applying the same standard that the district court applied, *Atkins v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 694 F.3d 557, 566 (5th Cir. 2012), we conclude that Maye's uncontested affidavit showed that there was no genuine dispute as to whether he had any involvement in the computation of Hinojosa's sentence and good-time credit.  Therefore, Maye was entitled to judgment as a matter of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.");[1] *see also* Fed. R. Civ. P. 56(e)(3) (if the nonmoving party fails to properly address the moving

---

[1] As in the previous appeal, we decline to decide whether a *Bivens* action may be brought for a federal official's denial of due process in connection with the calculation of good-time credits.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) ("In 30 years of *Bivens* jurisprudence we have extended its holding only twice, to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct.  Where such circumstances are not present, we have consistently rejected invitations to extend *Bivens* . . . .") (emphases in original).

party's assertion of fact, "the court may grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it").

## III.

Hinojosa also argues that the district court erred when it denied his motion to recuse. "We review a denial of a motion to recuse for abuse of discretion." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 80 (5th Cir. 2011). "The judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding the judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." *Id.* (internal quotation marks and alteration omitted). Hinojosa points only to the district court's rulings against him as evidence of bias. "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Judicial rulings "'can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . .'" *Id.* (quoting *Liteky*, 510 U.S. at 555). Hinojosa has failed to show that a reasonable person would question the district judge's impartiality in this case. Therefore, the district court did not abuse its discretion in denying Hinojosa's motion to recuse.

## IV.

Having considered Hinojosa's position in light of the briefs and pertinent portions of the record, we find no reversible error. The judgment of the district court is AFFIRMED.