# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50505
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2020

Lyle W. Cayce
Clerk

LESLIE LATRICE COLEMAN,

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

      Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-817

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

This is the second time this case has reached our court. *See Coleman v. United States*, 912 F.3d 824 (5th Cir. 2019) ("*Coleman I*"). As relevant to this appeal, *Coleman I* held that the state law standards under the Texas Medical Liability Act ("TMLA") apply to the determination of whether Dr. Flancbaum—Plaintiff Leslie Latrice Coleman's medical expert witness—is qualified to testify in this case. *Id.* at 833–34. We reversed the district court's dismissal of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50505

Coleman's medical malpractice claim and remanded for the district court to determine whether, under Tex. Civ. Prac. & Rem. Code § 74.401, Dr. Flancbaum was "practicing medicine." *Id.* at 834. On remand, the district court held that he was not, excluded his testimony, and granted summary judgment in favor of the United States on Coleman's remaining malpractice claim. Coleman, proceeding pro se, appeals those decisions.

I.

We review the district court's decision to exclude the testimony of Coleman's medical expert under Tex. Civ. Prac. & Rem. Code § 74.401 for abuse of discretion. *Benge v. Williams*, 548 S.W.3d 466, 472 (Tex. 2018) ("The trial court was well within its discretion in allowing Dr. Patsner, . . . to testify as an expert under the TMLA."). The same review applies to the district court's determination that there was no good reason to depart from the "practicing medicine" requirement. *Id.*

"Whether the law-of-the-case doctrine or its related doctrines . . . foreclose[] any of the district court's actions on remand is a question of law we review de novo." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (citing *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007)).

We review a summary judgment de novo and apply the same standards as the district court. *Coleman I*, 912 F.3d at 828.

II.

On appeal, Coleman argues that the district court violated the law of the case doctrine, and the corollary mandate rule, in light of our decision in *Coleman I*. We disagree.

The law of the case doctrine establishes that "an issue of law decided on appeal may not be reexamined by the district court on remand or by the appellate court on a subsequent appeal." *Medical Center Pharmacy*, 634 F.3d

at 834 (cleaned up) (quoting *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004)). "The mandate rule, which is a corollary or specific application of the law of the case doctrine, prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006).

In *Coleman I*, we remanded this case to the district court for it to "consider whether Dr. Flancbaum performed activities that would be deemed to be 'practicing medicine' under the non-exhaustive definition provided in Section 74.401(b); and alternatively, even if he was not 'practicing medicine' as Texas defines the term, whether he is nonetheless competent to testify under Section 74.401(d)." *Coleman I*, 912 F.3d at 834. *Coleman I* did not decide whether Dr. Flancbaum was qualified under Section 74.401, but rather remanded for a determination of the issue "in the first instance." *Id.* By making that determination, the district court was following instructions, and did not run afoul of the law of the case doctrine.[1]

And we find no abuse of discretion in the district court's determinations under the TMLA. Section 74.401 provides competency and qualification requirements for an expert in a medical malpractice case. To pass muster under the statute, "an expert testifying on whether a physician departed from accepted standards of medical care must have been 'practicing medicine' either when the claim arose or when the testimony was given." *Benge*, 548 S.W.3d at 471. "'[P]racticing medicine' or 'medical practice' includes, but it not limited to, training residents or students at an accredited school of medicine or osteopathy

---

[1] Similarly, the magistrate judge never examined whether Dr. Flancbaum was "practicing medicine" under Section 74.401. Rather, the magistrate judge incorrectly believed that 74.401 did not apply. So, even if the magistrate judge's Report and Recommendation could create law of the case—an issue we do not address—it did not do so on this issue.

or serving as a consulting physician to other physicians who provide direct patient care, upon the request of such other physicians." Tex. Civ. Prac. & Rem. Code § 74.401(b). Courts must also consider whether the proffered expert "is board certified or has other substantial training or experience in an area of medical practice relevant to the claim; and . . . is actively practicing medicine in rendering medical care services relevant to the claim." *Id.* (c). The list of activities that constitute 'practicing medicine' under the statute is non-exhaustive. *Coleman I*, 912 F.3d at 833. A court may depart from the criteria if it "determines that there is a good reason to admit the expert's testimony." Tex. Civ. Prac. & Rem. Code. § 74.401(d).

The district court held that Dr. Flancbaum was not practicing medicine in 2014 (when the claim arose) or 2017 (when the testimony was given). The court's discussion of the evidence is thorough. And Coleman, on appeal, offers almost no challenge to the conclusion on the merits—instead, she primarily attacks the court's decision to examine Dr. Flancbaum's qualifications at all. The single merits-related argument Coleman offers is that Dr. Flancbaum has authored books, is a licensed medical doctor, has performed many bariatric surgeries, holds himself out as a physician, testifies as a medical expert, and consults with other physicians. The district court considered and rejected these contentions, and we agree with its conclusions. We therefore hold that the district court did not abuse its discretion in holding that Dr. Flancbaum was not "practicing medicine" under Section 74.401 during the relevant time period.

The district court likewise did not abuse its discretion in determining that there were not good reasons to allow Dr. Flancbaum to testify even though he was not "practicing medicine" during the relevant times. *See* Tex. Civ. Prac. & Rem. Code § 74.401(d). The court noted that, although Dr. Flancbaum has performed lap band removals, he has not done so since 2007, and he has never

performed a sleeve gastrectomy. It further observed that Dr. Flancbaum spent no more than twelve hours forming his opinion for this case, did not consult authoritative sources of medical information, and did not cite or attach any authority to his report. Finally, the court noted that Dr. Flancbaum admitted to not reviewing any medical literature or conducting any independent testing in forming his opinion. It therefore concluded that, on those facts, there was not a "good reason" for it to allow Dr. Flancbaum to testify even though he was not "practicing medicine." We see no abuse of discretion.

## III.

We next hold that the district court correctly granted summary judgment in the United States' favor on Coleman's remaining malpractice claim. Dr. Flancbaum was Coleman's only medical expert, and without his testimony, Coleman could not carry her burden of establishing that her treatment fell below the applicable standard of care. *See Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977) (unless issue "is a matter of common knowledge or is within the experience of the layman, expert testimony will be required to meet this burden of proof"). Coleman therefore failed to create a genuine dispute of material fact regarding "an essential element of her case with respect to which she has the burden of proof," and summary judgment for the United States was appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV.

Finally, we hold that the district court did not err by not addressing Coleman's various other claims on remand. Coleman asserts that *Coleman I* held that three claims—wrongfully prescribing medication, failure to provide a psychological exam prior to bariatric surgery, and negligent referral for bariatric surgery—were "exhausted as a matter of law" and that the district court erred in "excluding" them. Coleman misreads *Coleman I*. Our remand to the district court was narrow: we instructed it to consider whether Dr.

No. 19-50505

Flancbaum was qualified under Section 74.401 and whether, even if he was not, his testimony should nevertheless be allowed. *See* 912 F.3d at 837. The district court addressed that issue as instructed, and it did not err by not re-addressing issues on which *Coleman I* had already affirmed its judgment.

AFFIRMED