# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2022

Lyle W. Cayce
Clerk

No. 21-50931

Rachel Escamilla,

*Plaintiff—Appellant*,

*versus*

Pamela Elliott; Edwards County, Texas,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CV-121

Before Smith, Wiener, and Southwick, *Circuit Judges*.
Per Curiam:*

Rachel Escamilla was fired from her job as a jailer in Edwards County, Texas. She sued the county and its sheriff, Pamela Elliott, alleging a violation of her rights under 42 U.S.C. § 1981, the First Amendment, and provisions of the Texas constitution. She also claimed a malicious prosecution. The district court granted summary judgment to defendants, but a panel of this

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50931

court reversed as to the Section 1981 claims. *Escamilla v. Elliott*, 816 F. App'x 919, 929 (5th Cir. 2020). The panel held that the district court had erred in its analysis of the Section 1981 claim, but "we have not determined that Escamilla's allegations necessarily otherwise state a plausible claim for relief or are sufficient to survive summary judgment." *Id.* at 924.

On remand, the defendants again moved for summary judgment on the merits of the Section 1981 claims. The district court again granted summary judgment. Escamilla appealed. We AFFIRM.

We review a district court's grant of summary judgment *de novo*. *Huynh v. Walmart Inc.*, 30 F.4th 448, 454 (5th Cir. 2022). Section 1981 claims lacking direct evidence, like Title VII claims, are subject to the *McDonnell Douglas* framework. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 825 (5th Cir. 2022). Under this framework, a claimant first must put on a *prima facie* case of racial discrimination.[1] *Id.* If she does so, the burden shifts to the defendants to demonstrate a "legitimate, non-discriminatory reason" for their actions. *Id.* (quoting *Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021)). If such a reason is offered, the claimant must provide evidence that the stated reason is pretextual. *Id.*

On remand, the district court concluded that Escamilla established a *prima facie* case of racial discrimination. However, the court found that Elliott had offered a nondiscriminatory reason for terminating Escamilla,

---

[1] Though she does not appeal the district court's conclusion that she established a *prima facie* case of discrimination, Escamilla still argues the district court erred in that portion of its analysis by rejecting certain comparator employees that Escamilla argues were conceded as such by the defendants. We disagree. The district court properly applied this circuit's law in concluding that significant differences in both job responsibilities and reasons for termination rendered these employees improper comparators. *See Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 322–23 (5th Cir.), *cert. denied*, 142 S. Ct. 216 (2021).

namely that her login credentials had been used in an unauthorized license plate search. The court then concluded that Escamilla had not demonstrated that Elliott's reason was pretextual.

Escamilla argues on appeal that the district court improperly weighed the evidence and drew impermissible inferences in favor of the defendants to conclude that no pretext had been shown. She contends that the following evidence shows that Elliott's reason was pretextual: (1) Elliott's failure to attend an administrative hearing adjudicating whether Escamilla should be dishonorably discharged; (2) that agency's subsequent overturning of the discharge because of Elliott's absence; (3) a no-bill from a grand jury on potential criminal charges against Escamilla; (4) a deputy's recorded statement that "there was nothing" when he conducted an after-the-fact investigation into Escamilla's conduct, despite his report to the contrary; (5) that deputy's history of racist remarks; (6) another coworker's unsupported insistence that Escamilla's firing had to be because of her race; and (7) minor inconsistencies in Escamilla's termination letter and the investigative report, including evidence that Escamilla was away from her computer when the incident occurred.

We agree with the district court that this evidence does not cast meaningful doubt on Elliott's decision to fire Escamilla because of a violation of jail confidentiality policy.[2] *See Harville v. City of Houston*, 945 F.3d 870, 877 (5th Cir. 2019) ("The issue at the pretext stage is not whether the

---

[2] Because we affirm the district court's conclusion that Escamilla failed to show pretext under *McDonnell Douglas*, we do not reach Elliott's argument that Escamilla cannot prevail on her Section 1981 claims against Elliott in her individual capacity. *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 338 (5th Cir. 2003) (identifying tension in our caselaw about the reach of Section 1981 to individuals acting in their private capacities).

[defendants'] reason was actually correct or fair, but whether the decisionmakers honestly believed the reason.").

Elliott also argues that the district court erred by failing to treat as binding a Texas state agency's determination that Escamilla committed no wrongdoing. We conclude that collateral estoppel does not apply in this circumstance because the issue was neither actually litigated nor identical to the issue presented in the other forum. *See Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548–49 (5th Cir. 2013).

As to the district court's rejection of some evidence about Elliott's alleged racism, those arguments could have been but were not presented in her first appeal to this court. Thus, that issue is forfeited. *Medical Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011). AFFIRMED.