IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. This appeal arises out of two tax sales of a piece of real property in Lawrence County, Mississippi. James Alexander purchased the property at two different tax sales. The property’s previous owner, Patsy Musgrove,
 
 [1]
 
 filed suit in the Lawrence County Chancery Court seeking to cancel the tax deeds. The chancery court issued an order setting aside a tax deed connected with the property. Feeling aggrieved, Alexander appeals and asserts that: (1) there is a genuine issue of material fact regarding who was entitled to notice for the second tax sale; (2) the final judgment is incomplete and vague; and (3) he is entitled to the proceeds from a lumber sale that he contracted for on the property.
 

 ¶ 2. The chancery court’s judgment is ambiguous and insufficient to dispose of the issues before this Court. Accordingly, we reverse and remand this case for a new judgment that adequately addresses the contested issues in this case.
 

 FACTS
 

 ¶ 3. In 1993, Alexander obtained a tax deed to the property at issue in this case. However, the statutory notice period required by Mississippi Code Annotated section 27-43-3 (Rev.2010) was not complied with. A month later, Musgrove filed suit, seeking to cancel the tax deed as a cloud on her title.
 

 ¶ 4. In 1994, Alexander contracted with Jayess Wood, Inc. to sell timber on the property. The proceeds of that contract, which total almost $15,000, are currently interpleaded with the chancery court.
 

 ¶ 5. In 1998, Alexander obtained a second; tax deed to the same property. However, the same statutory notice period was allegedly not complied with in connection with the second sale. Despite the legal troubles concerning the property, Alexander paid the ad valorem taxes on it throughout the late 1990s and 2000s.
 

 ¶ 6. On April 27, 2010, the chancery court entered a final judgment adjudicating the issues before it. In its entirety, the judgment states the following:
 

 This cause having come on for hearing upon [an] amended motion for summary judgment[,] and the [e]ourt having heard and considered the same[,] finds as follows, to-wit:
 

 That the [c]ourt has jurisdiction of the parties and subject matter.
 

 That the [c]ourt had previously entered its order finding that the statutory requirements dealing with tax sales had not been complied with and that the tax sale is set aside and declared null and void.
 

 The [c]ourt further finds that the tax deed issued as a result of that void tax sale is likewise set aside.
 

 
 *540
 
 The [c]ourt further finds that the defendant[,] James AIexander[,] is granted the money expended for the taxes together with the legal interest rate paid from the date of the void tax sale until paid in full. The [c]ourt further finds that attorneys[’] fees in the amount of $1,000 are payable to Mr. Alexander for the failure of the county to comply with the statutes as set forth.
 

 The summary-judgment order referenced in the final judgment disposed of only the 1993 tax deed as void.
 

 ¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 8. The final judgment did not explicitly address the second tax sale. The chancery court’s statement — that “The [cjourt further finds that the tax deed issued as a result of that void tax sale is likewise set aside” — could refer to either tax sale. In fact, “that void tax sale” would tend to lead the reader to believe that the chancery court was referring to the tax sale that was addressed in its previous summary-judgment order.
 

 ¶ 9. Furthermore, the judgment did not address the proceeds of the lumber sale, even though the previous summary-judgment order stated that the sale would be addressed in the chancery court’s final judgment.
 

 ¶ 10. Finally, it is impossible to discern from the chancery court’s judgment exactly what monies were to be remitted to Alexander for his payment of the taxes. No specific monetary amount was assigned. While the chancery court was not required to order a specific amount if the amounts were otherwise discernible, it is not clear whether the court was attempting to reimburse Alexander for the monies he paid for the tax deeds or if the court was attempting to reimburse him for the years he paid the ad valorem taxes for the property.
 

 ¶ 11. In short, the chancery court’s final judgment was insufficient to adjudicate all the issues before it. On remand, the chancery court should explicitly and clearly address the second tax deed, the timber proceeds, and the exact nature of any reimbursements to Alexander.
 

 ¶ 12. THE JUDGMENT OF THE LAWRENCE COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
 

 LEE, C.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. GRIFFIS, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Musgrove acquired title to the property from Lib Vanderford and his wife in 1982.