# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01364-COA

**JAMES E. ALEXANDER SR.**                                                          **APPELLANT**

**v.**

**PATSY PHILLIPS MUSGROVE**                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/09/2019 |
| TRIAL JUDGE: | HON. DAVID SHOEMAKE |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JAMES E. ALEXANDER SR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | JOE ROBERT NORTON IV |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 01/05/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. This case involves real property in Lawrence County, Mississippi, that Patsy Joan Phillips acquired in 1982 through a deed from Lib and Sue Vanderford. Lib Vanderford retained a life estate interest in the timber on the property. James Alexander subsequently purchased the property at two different tax sales. A 1990 tax sale resulted in Alexander obtaining a tax deed to the property in 1993 (1993 tax deed). Alexander purchased the same property at a 1993 tax sale and later obtained a tax deed on the property in 1998 (1998 tax deed). In 1993, Patsy Joan Musgrove, formerly Patsy Joan Phillips (Musgrove)[1] filed a

---

[1] As reflected in the chancery court's "Judgment Upon Remand" entered on August 9, 2019, the appellee has also been known as Patsy Joan Vanderford and Patsy Joan Gray.

lawsuit in the Lawrence County Chancery Court, seeking to have the 1993 tax deed declared void based upon the chancery clerk's failure to provide to her the requisite statutory notice of redemption pursuant to Mississippi Code Annotated section 27-43-3 (Supp. 1992).

¶2. In May 1994, Alexander contracted with Jayess Wood Inc. (Jayess Wood) to harvest the timber on the property. Musgrove amended her complaint in 1995, added Lib Vanderford as a plaintiff, and added Jayess Wood and a logger named Jerry Wayne Smithie as defendants. Lib Vanderford added a claim for actual and statutory damages for the timber removal. Jayess Wood interpleaded the funds from the timber sale in a separate action also filed in the Lawrence County Chancery Court.

¶3. In 1998, by the parties' agreement, the Musgrove/Vanderford action and the timber-proceeds interpleader action were consolidated, and the Musgrove/Vanderford complaint was amended to add a claim to cancel the 1998 tax deed as void for lack of proper statutory notice of redemption. Additionally, due to Lib Vanderford's death, his estate was substituted as a party in both actions.

¶4. Musgrove moved for partial summary judgment on the statutory notice-of- redemption issue. The chancery court entered an order granting partial summary judgment in Musgrove's favor as to the 1993 tax deed on November 29, 2007, nunc pro tunc to December 12, 2006. In 2010, the chancery court entered a "Final Judgment" setting aside "a tax deed"

Musgrove, in her Appellee's Brief, also states that she was known as Joan Gallman or Patsy Joan Gallman.

2

on the property. Alexander appealed from that judgment, asserting that (1) genuine issues of material fact existed as to the person entitled to notice of redemption prior to issuance of the 1998 tax deed; (2) the final judgment was incomplete and vague; and (3) he (Alexander) was entitled to the 1994 timber-sale proceeds.

¶5.     The Court of Appeals reversed and remanded the case "for a new judgment that adequately addresses the contested issues in [the] case," namely the validity of the 1998 tax deed; who was entitled to the timber proceeds; and the "exact nature" of reimbursement, if any, to Alexander for property taxes paid on the property. *Alexander v. Musgrove* (*Alexander I*), 72 So. 3d 538, 539-40 (¶¶2, 11) (Miss. Ct. App. 2011).

¶6.     On remand after trial, the chancery court entered its Judgment Upon Remand, essentially adopting the prior chancellor's decision that the 1993 tax deed was void due to insufficiencies in the statutory notice of redemption requirements. In that same judgment, the chancery court found that the 1998 tax deed was void for the same reasons and determined that Musgrove was the "rightful owner" of the subject property. The chancery court also found that Lib Vanderford's heirs had conveyed their timber interests in the subject property to Musgrove and that she was therefore entitled to the 1994 timber-sale proceeds. Lastly, the chancery court found that Musgrove owed Alexander $13,208.31 as reimbursement for property taxes he paid, plus interest, during the relevant time period.

¶7.     Alexander appeals, raising a number of issues on appeal, which are restated as follows: (1) the Judgment Upon Remand should be reversed because Musgrove was not

3

entitled to a statutory notice of redemption with respect to the first (1990) tax sale; (2) the Judgment Upon Remand was entered prematurely; (3) the chancery court erred when it consolidated the Musgrove/Vanderford action and the timber-proceeds interpleader action; (4) Vanderford's claim for the timber proceeds was time-barred, meaning Musgrove is not entitled to the 1994 timber proceeds; (5) the chancery court incorrectly calculated the reimbursement owed Alexander for paid property taxes, plus interest; and (6) Alexander is entitled to $5,000 in attorney's fees as "appeal costs" relating to his first appeal.

¶8.     For the reasons addressed below, we find that the chancery court's findings in this matter are supported by substantial credible evidence, and we find no error in the chancery court's Judgment Upon Remand.  Accordingly, we affirm.

## PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

¶9.     We begin by addressing the history of this case, based upon the record[2] and the detailed history set forth in the chancery court's Judgment Upon Remand.  In September 1982, Lib Vanderford and his wife, Sue Vanderford, conveyed to Patsy Joan Phillips approximately 40 acres of property in Lawrence County, Mississippi, reserving to Lib Vanderford a life estate in "all timber, standing, lying or being upon" the property.  The property taxes were not paid in 1989, and James Alexander purchased the property by tax

---

[2] For the purposes of adjudicating this appeal, we take judicial notice of the record filed with this Court in *Alexander I* and of those pleadings and filings available on the MEC docket for the Lawrence County Chancery Court in Cause Number 14,871.  Additionally, pursuant to the Court's order entered November 12, 2020, the appellee supplemented the record with documents specified in that order.

sale on August 27, 1990. A tax deed was conveyed to Alexander on October 7, 1993, and recorded on the tax rolls by Sherrod Rayborn, who was the Chancery Court Clerk for Lawrence County at that time.

¶10.    On November 15, 1993, "Patsy Phillips Musgrove, the same person as Patsy Joan Phillips" (Musgrove) filed a complaint in the Lawrence County Chancery Court seeking to cancel the tax deed and to confirm title in her, asserting that the 1990 tax sale was void because the chancery clerk failed to comply with the redemption-notice provisions set forth in Mississippi Code Annotated section 27-43-3. Musgrove's original complaint was dismissed without prejudice for failure to name the Lawrence County Chancery Clerk, Sherrod Rayborn, as a party, and Musgrove was allowed thirty days to file an amended complaint. Musgrove timely filed an amended complaint on February 28, 1994, adding the Lawrence County Chancery Clerk, Sherrod Rayborn, as a defendant and making the same assertions she made in her November 1993 complaint.

¶11.    Sherrod Rayborn filed his answer to the amended complaint on April 7, 1994. He admitted that to the best of his knowledge "Patsy Phillips Musgrove, the same person as Patsy Joan Phillips" is vested with title to the subject property. Rayborn also admitted to the following allegations that were set forth in paragraph 8 of Musgrove's amended complaint pertaining to the notice insufficiencies under section 27-43-3, as follows:[3]

<hr>

[3] Rayborn did not admit to the allegations in subparagraph (c) providing that "[n]o diligent search and inquiry was made to ascertain Plaintiff's street and post office address." With respect to that allegation, Rayborn affirmatively stated in his answer that "effort was

a. No notice was issued to the sheriff of the county of Plaintiff's residence, or that of Plaintiff's agent.

b. No certified copy of the notice was mailed to Plaintiff or Plaintiff's agent by registered or certified mail.

. . . .

d. No notation of the actions of the Chancery Clerk regarding issuance of the notice, the search and inquiry as to Plaintiff's address, or the results thereof, are noted on the tax sale records of Lawrence County.

e. No notice of the maturing tax sale concerning subject land was published in 1992 as required.

f. No affidavit [had] been filed concerning the issuance of the statutory notice, or specifying the acts of search and inquiry made by the clerk in an effort to ascertain Plaintiff's street and post office address, nor has such action been noted on the tax sale records of Lawrence County.

¶12. On May 14, 1994, Alexander entered into a timber contract with Jayess Wood to harvest the trees on the subject property. Jayess Wood then contracted with logger Jerry Wayne Smithie to begin removing the timber.

¶13. When Musgrove and the Vanderfords realized that timber was being harvested from the property, they, through their lawyer, made a demand on Smithie to cease logging operations, and he did so on May 23, 1994. The timber that had already been cut and loaded was sold. Pursuant to an order entered in an interpleader action initiated by Jayess Wood, "*Jayess Wood Inc. v. Patsy Musgrove, Lib Vanderford, Sue Vanderford and James*

---

made by personal inquiry, and by telephone as to the identity and whereabouts of Patsy Phillips."

*Alexander*, Chancery Court of Lawrence County, Cause Number 94-0109," the proceeds from the timber harvest were deposited into the registry of the Lawrence County Chancery Court. The sum deposited was $14,807.60.

¶14. On May 16, 1995, Musgrove filed a second amended complaint that included Lib Vanderford as a plaintiff because he had retained a life estate interest in the timber on the property. In this second amended complaint, Musgrove and Vanderford added Jayess Wood and Smithie as defendants, and Vanderford sought actual damages and the statutory penalty under Mississippi Code Annotated section 95-5-10 (Rev. 1994) for the timber cutting. Alexander answered the amended complaint on June 30, 1995, and raised no affirmative defenses.

¶15. During the pendency of this lawsuit, the 1992 property taxes on the subject property were not paid. Alexander purchased the property at a tax sale held on August 30, 1993. On July 22, 1998, a tax deed for the property was issued by the Lawrence County Chancery Clerk to Alexander.[4]

¶16. On July 20, 1998, Musgrove moved for a judgment on the pleadings or summary judgment, asserting that the 1993 tax deed should be declared null and void due to the notice insufficiencies required by section 27-43-3, as admitted in Sherrod Rayborn's answer to Musgrove's amended complaint. Musgrove also separately moved to consolidate Cause

---

[4] Sherrod Rayborn died in 1996, and on December 2, 1996, the new Lawrence County Chancery Clerk, James Brister, was substituted as a defendant in Cause Number 14,871.

Number 94-0109 (the timber interpleader action) with Cause Number 14,871 (the Musgrove/Vanderford action).

¶17. On August 24, 1998, the chancery court, "upon oral motion of the attorneys of record for the parties in [Cause Number 94-0109 and Cause Number 14,871], and upon agreement of counsel," entered an "Agreed Order Allowing Amendment of Complaint, Substitution of Parties, Consolidating Causes for Hearing and Setting Causes for Hearing." Pursuant to that order, David (Buddy) Vanderford, representing the Estate of Lib Vanderford, was substituted as a plaintiff in Cause Number 14,871 and as a defendant in Cause Number 94-0109; Musgrove and the Vanderford Estate filed a third amended complaint (mistakenly titled "Second Amended Complaint") in which Musgrove added a claim to set aside the 1998 tax deed due to statutory redemption notice insufficiencies, and the Vanderford Estate amended the timber-cutting claim to seek actual damages and penalties to be paid to the estate; and Cause Number 94-0109 (the timber interpleader action) and Cause Number 14,871 were consolidated for trial.

¶18. Alexander filed his answer to this third amended complaint in November 1998. Alexander asserted an "affirmative defense" in his answer in which he admitted that with respect to the 1990 tax sale, the now deceased Chancery Clerk Sherrod Rayborn had failed to comply with the statutory redemption notice requirements. Alexander alleged that Sherrod Rayborn's failure to notify the property owner (Musgrove) was "political[ly] motiv[ated]" and constituted a "fraud on the public in general and tax purchasers [(Alexander)]

8

specifically" because it was done for the purpose of allowing "the property owner [(Musgrove)] to avoid the . . . redemption period and thereby not lose [her] property."

¶19.   In November 2006, Musgrove filed a second motion for summary judgment, again asserting that the 1993 tax deed should be set aside as a matter of law due to the chancery clerk's non-compliance with the tax sale notice provisions required under section 27-43-3.

¶20.   The chancellor held a hearing on Musgrove's motion on December 12, 2006.  In his order filed on November 29, 2007, nunc pro tunc to December 12, 2006, the chancellor granted Musgrove's motion.   The chancellor found that numerous statutory notice requirements under section 27-43-3 were not met with respect to notice or redemption relating to the 1990 tax sale of the property and that, therefore, "the conveyance captioned 'Tax Deed' as issued on October 7, 1993, by Chancery Clerk Sherrod Rayborn . . . is hereby set aside and declared null and void."

¶21.   On April 27, 2010, the chancellor entered a "Final Judgment" that provided:

> [T]he [c]ourt had previously entered its order finding that the statutory requirements dealing with tax sales had not been complied with and that the tax sale is set aside and declared null and void.
>
> The [c]ourt further finds that the tax deed issued as a result of that void tax sale is likewise set aside.
>
> The [c]ourt further finds that the defendant[,] James Alexander[,] is granted the money expended for the taxes together with the legal interest rate paid from the date of the void tax sale until paid in full. The [c]ourt further finds that attorney[']s fees in the amount of $1,000 are payable to Mr. Alexander for the failure of the county to comply with the statutes as set forth.

¶22.   Alexander, through counsel, appealed, and his appeal was assigned to the Mississippi

9

Court of Appeals. On October 11, 2011, the Court rendered its decision, reversing and remanding the case with instructions that "[o]n remand, the chancery court should explicitly and clearly address the second tax deed, the timber proceeds, and the exact nature of any reimbursements to Alexander." *Alexander I*, 72 So. 3d at 540 (¶11). The mandate provided that "[a]ll costs of this appeal are assessed to the appellee [(Musgrove)]."

¶23. On March 14, 2014, Alexander, representing himself, filed a "Motion to Claim Monies" in the chancery court, seeking "reimburse[ment] [of] monies that [were] put in escrow by the State of Mississippi. This monies was from timber that was cut off of land that [Alexander] brought through tax sale in 1991 [sic]." The motion is captioned "James Alexander v. State of Mississippi" and does not have a certificate of service attached to it. The record does not indicate that Alexander set the motion for a hearing or that any notice of a hearing was filed or served.

¶24. The instant case was tried on August 22, 2017, to address the issues set forth in the Court's *Alexander I* opinion. As stated in the chancery court's Judgment Upon Remand, the trial was being conducted to "clear[] up the issue of the validity of the second tax sale and disposing of the final issues not clearly addressed in the FINAL JUDGMENT, specifically the timber proceeds and the exact nature of any reimbursements to Mr. Alexander."

¶25. Musgrove, the original plaintiff (now Patsy Gray), was represented by counsel, and Alexander represented himself. The record reflects that there was no one on behalf of the Estate of Lib Vanderford (the other plaintiff) at the trial. Only one witness testified: the

10

current Chancery Clerk of Lawrence County, Kevin Rayborn.

¶26. Before the trial started, the chancellor and the parties placed certain stipulations in the record. As set forth in the Judgment Upon Remand and as reflected in the transcript of the August 22, 2017 trial, the parties agreed that they had previously met with the chancellor and discussed the matters that would be the focus of the trial. The parties agreed that the redemption notice statute to be addressed was section 27-43-3 (as in effect in 1995 when the tax deed obtained at the 1993 tax sale would mature).

¶27. The chancery court then summarized the redemption notice requirements of section 27-43-3, namely that the "clerk shall issue notice [of a right of redemption] to the sheriff and the sheriff is required to then serve the notice on the reputed owner personally by handing him a true copy of the notice; . . . . Then the sheriff shall make a return to the chancery clerk and the clerk shall also mail a copy of the notice to the owner's address and publish it in the local newspaper." The parties agreed that those were the statutory tax sale notice requirements.

¶28. Additionally, the chancery court obtained confirmation from the parties that "Mr. Alexander admitted that neither he, nor Mrs. Musgrove, nor Mr. Vanderford were personally served with the required notice either for the 1993 tax sale or the 1998 redemption period prior to issuance of the tax deed." Lastly, the chancery court obtained confirmation from the parties that "[b]oth parties agreed that they had ample time in which to prepare for trial. Both parties announced [they were] ready for trial."

11

¶29.    Musgrove called Chancery Clerk Kevin Rayborn to testify.  To avoid confusion with his father, Sherrod Rayborn (who had previously served as the Lawrence County chancery clerk), Kevin Rayborn will be referred to by his full name. He testified that he had been the Chancery Clerk of Lawrence County since 2000, and it was established that because he was not the chancery clerk during the 1990s (the relevant time period), all factual testimony he provided was derived from written records from that time period.  He further testified that he was familiar with section 27-43-3 and he read the pertinent tax sale notice portions of that statute into the record.

¶30.    According to the trial transcript, the August 9, 1995 public notice for the redemption period expiring on August 29, 1995 (encompassing the 1993 tax sale to Alexander), was admitted into evidence.  Kevin Rayborn admitted that as part of the notice requirements, section 27-43-3 requires the chancery clerk to publish in the local newspaper the name and address of the reputed owner of the property at issue and the legal description of that property not less than forty-five days prior to the expiration of the redemption period.  He further testified that the required publication notice for the subject property was run in the local county newspaper on August 9, 1995, with the redemption expiration date of August 29, 1995, which was just twenty days before the redemption period would expire, and not for the forty-five days required by section 27-43-3. Regarding the contents of the publication notice, Kevin Rayborn admitted that neither James Alexander nor Patsy Phillips Musgrove (or Joan Vanderford, Joan Musgrove, or Patsy Vanderford Musgrove) were named in the public

12

notice and that the property to be sold that is the subject of this lawsuit was not listed or described in the public notice. He also testified that based upon his review of the chancery court records, there were no other records or evidence that proper notice was given.

¶31. Alexander also questioned Kevin Rayborn. He asked him about payment of the property taxes on the property in the early 1990s, but, as noted, Kevin Rayborn was not the Lawrence County chancery clerk during that time period. He testified that he had not reviewed records from the tax assessor's office as to that issue.

¶32. Musgrove rested her case. Alexander stated that he was finished questioning Kevin Rayborn and that he had no other witnesses. Both parties gave summations. Before the trial ended, Alexander also requested attorney's fees in the amount of $5,000, relying on the mandate issued by the Court of Appeals in *Alexander I*. Additional facts relating to this request are addressed below. The chancellor allowed the parties five days to furnish briefs and then confirmed with both parties that they had no further evidence or argument to present. The record reflects that nothing was filed by Alexander relating to his $5,000 attorney's fees request.

¶33. On January 8, 2018, the chancery court issued an "Order Allowing Post-Hearing Introduction of Exhibits" that addressed introducing into evidence the tax receipts on the subject property from 1988 through 2016; the deposit slip showing the original deposit into the Lawrence County Chancery Clerk's account of the timber proceeds from the timber harvested from the property; and the bank statement showing the account's current balance.

13

(These exhibits had been presented to the chancery court at the August 2017 trial, but they were inadvertently not admitted into evidence.) The order and the attached exhibits were filed in the record on the same day.

¶34. The chancellor sent the order and the attached exhibits to the parties on January 8, 2018, and in his cover letter the chancellor also addressed the need for another hearing. He explained that in reviewing the court file to prepare his opinion he discovered Alexander's 2014 Motion to Claim Monies that had not been noticed for a hearing. He instructed Alexander to obtain a hearing date and specifically instructed him to issue notice to the Estate of Lib Vanderford of the hearing, as this was the entity holding the timber interest. The chancery court also instructed Alexander to give notice to Patsy Joan Phillips, then known as Joan Vanderford Gray. The chancery court docket reflects that Alexander did not comply with these instructions.

¶35. On February 12, 2018, Alexander filed a document titled "New Discovery" that provided it was being filed "in the light of new evidence." Alexander submitted a purported record of a 1987 entry in the Lawrence County Tax Assessor's records that simply showed "R#363" entered in one column and "Joan Gallman" entered in the next column. For ease of reference, we will refer to this submission as the "1987 Joan Gallman tax redemption record." To avoid repetition, we will discuss this notation in further detail below.

¶36. On July 9, 2018, Alexander wrote a letter to the chancery court and Musgrove's counsel restating his position with respect to the issues in the case, seeking calculation of

14

additional interest on the moneys he alleged were owed to him, stating that the chancery court had awarded $5,000 in attorney's fees to him against Musgrove, and stating that he had not yet received that money from Musgrove. Alexander ended his letter by requesting that the chancery court issue its decision "without fail."

¶37. On August 9, 2019, the chancery court, after having acquainted itself "with all pleadings, referenced law, case law, arguments, transcript of proceedings and exhibits in this matter," entered its Judgment Upon Remand. In its judgment, the chancery court detailed the history of the case, as addressed above, and then rendered its decision on the three issues that this Court specifically instructed it to address on remand: the validity of the 1998 tax deed; distribution of the timber proceeds; and reimbursement to Alexander, if any, for property taxes paid during the relevant time period. As we will address in more detail below, the chancery court found that the 1998 tax deed was void for lack of proper notice of redemption under section 27-43-3 following the 1993 tax sale; Musgrove was entitled to the timber proceeds, as "all of the heirs of Lib Vanderford have signed quit-claim deeds to Patsy Joan Vanderford Gray (formerly Musgrove) to the [subject] property," and Musgrove owed Alexander $13,208.31, representing reimbursement to Alexander for property taxes he paid on the property, plus the statutory interest of 1.5% per month. Alexander did not file any post-trial motions or any motion in the chancery court challenging the chancery court's Judgment Upon Remand.

¶38. Alexander appeals. For the reasons addressed below, we affirm the chancery court's

15

Judgment Upon Remand in all respects.

## STANDARD OF REVIEW

¶39.    This Court "maintain[s] a limited review of a chancellor's findings of fact.  We will not reverse the factual findings of the chancellor when supported by substantial evidence unless the Court can say that the findings are manifestly wrong, clearly erroneous, or amount to an abuse of discretion." *Cleveland v. Deutche Bank Nat. Tr. Co.*, 207 So. 3d 710, 714 (¶17) (Miss. Ct. App. 2016) (citation and internal quotation marks omitted).  "In matters that are questions of law, this Court employs a de novo standard of review and will only reverse for an erroneous interpretation or application of the law." *Panola Cnty. Tax Assessor v. Oak Inv. Co.*, 297 So. 3d 1122, 1126-27 (¶19) (Miss. Ct. App. 2020).

## DISCUSSION

### I.    Statutory Notice of Redemption

¶40.    Alexander asserts that the Judgment Upon Remand should be reversed because "Joan Gallman" was the record owner of the subject property in 1987, not Patsy Musgrove, and therefore "Patsy Musgrove was not the party to be notified" of a statutory right of redemption after the 1990 tax sale. For the reasons addressed below, we find that this contention is procedurally barred by the waiver doctrine and that, in any event, this contention is without merit. We find no error in the chancery court's determination that Musgrove is the rightful owner of the subject property in this case.

¶41.    As we have discussed, on remand the chancery court was instructed to address the

16

validity of the 1998 tax deed. Prior to the August 2017 trial, the parties stipulated that the tax sale redemption notice statutes in effect in 1995 (when the 1993 tax sale matured) would apply. Section 27-43-1 addresses the "notice to owners" requirement as follows:

> The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold, . . . be required to issue notice to the record owner of the land sold as of 180 days prior to the expiration of the time of redemption[.]

¶42. Section 27-43-3 addresses the specific way in which notice must be given to the record owner, namely by service of personal notice, mailing by "registered or certified mail," and by publication, as follows:

> The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, . . . and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, . . . and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located. . . . Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period. . . .
>
> Notice by mail shall be by registered or certified mail. . . .
>
> Should the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void. . . .

¶43. In determining that the 1998 tax deed was void, the chancery court recognized in its Judgment Upon Remand that the previous chancellor had rendered partial summary judgment in Musgrove's favor with respect to the validity of the 1993 tax deed. In that ruling the

chancellor determined that the 1993 tax deed was void due to lack of proper notice of redemption required under section 27-43-3 following the 1990 tax sale of the property. Alexander did not appeal the chancellor's decision on that issue in *Alexander I*. *Alexander I*, 72 So. 3d at 539 (¶1).

¶44. Regarding the 1998 tax deed, the chancery court found in its Judgment Upon Remand that because the 1993 tax deed was void, Musgrove was the "rightful owner of the property" who required statutory redemption notice relating to the 1993 tax sale, citing *Rebuild Am. Inc. v. Drew*, 281 So. 3d 92, 100-01 (¶¶29-30) (Miss. Ct. App. 2019). Based upon the evidence before it, the chancery court found Musgrove did not receive the requisite notice with respect to the 1993 tax sale, and therefore the 1998 tax deed was void.

¶45. Specifically, the chancery court found the parties stipulated that Musgrove did not receive notice by personal service, and Kevin Rayborn's testimony and the August 9, 1995 public notice for the redemption period expiring August 29, 1995, showed that numerous other violations of the statutory redemption notice requirements were not met relating to publication of the notice. In sum, the chancery court set aside both tax deeds as void and declared that "Mrs. Patsy Musgrove is . . . the rightful owner of the [subject] property."

¶46. We find no error in the chancery court's analysis, and we further find that the chancery court's factual determinations are supported by substantial credible evidence. As the chancery court found, the prior chancellor determined that based upon the record before him, no genuine issue of material fact existed "pertaining to [Musgrove's] allegations that

18

the notice [regarding the 1990 tax] sale were deficient and that the [1993] Tax Deed should be set aside and adjudicated to be void, [and therefore] [Musgrove's] Motion For Summary Judgment is well taken and should be sustained." Alexander did not appeal this determination in his first appeal. *Alexander I*, 72 So. 3d at 539 (¶1).

¶47. Further, as the chancery court also determined in its Judgment Upon Remand, because the first tax deed was void, Musgrove was the property owner at the time of the 1993 tax sale and was entitled to statutory notice of redemption. *Drew*, 281 So. 3d at 100-01 (¶¶29-30). In *Drew*, the Court addressed the statutory notice requirements under 27-43-3 as applied to a series of tax sales and found:

> Drew[, the landowner,] was entitled to notice of each respective tax sale. As the chancery court ruled in Drew I, the 2008 tax sale was void for lack of proper notice to Drew. As a result, the 2008 sale was not only void but "void ab initio"—void from the very beginning, as if it never happened. Therefore, Drew remained the rightful owner of the property and was entitled to statutory notice of the 2009 tax sale. There is no dispute that the chancery clerk again failed to provide Drew with statutory notice of the 2009 tax sale. Therefore, the 2009 tax sale was also void ab initio, and Drew remained the rightful owner entitled to statutory notice of the 2010 tax sale. Finally, there is no dispute that the chancery clerk did not provide Drew with statutory notice of the 2010 tax sale. Accordingly, that sale was also void ab initio. Thus, each sale at issue in this case was void ab initio due to a failure to comply with statutory notice requirements. Therefore, the chancery court properly set aside the tax sales and declared Drew the rightful owner of the property.

*Drew*, 281 So. 3d at 101 (¶30); *see Hart v. Catoe*, 390 So. 2d 1001, 1003 (Miss. 1980) (finding that "[e]ssential mandates of the [redemption notice] statute were not followed and the failure so to do renders the tax deed to appellant void"). Musgrove was the "rightful property owner" and entitled to statutory redemption notice with respect to the 1993 tax sale.

19

Substantial credible evidence as detailed above supports the chancery court's finding that many of the requirements under section 27-43-3 were not met. The 1998 tax deed was therefore void, and the chancery court correctly determined that Musgrove is the rightful owner of the property.

¶48.    Alexander asserts that the 1987 Joan Gallman tax-redemption record he submitted to the chancery court in February 2018 purportedly shows "Joan Gallman" was the owner of the property in 1987 and that "Patsy Musgrove had no title to [the subject] property at the time [the 1993] deed was released to [Alexander] (at the [1990] tax sale)."[5] In short, based solely on this 1987 notation, Alexander appears to assert that "Joan Gallman" was entitled to statutory notice of redemption relating to the 1990 tax sale, not Patsy Phillips or Patsy Musgrove, and thus the 1993 tax deed should not have been deemed void on summary judgment. We find no merit in this argument for the reasons addressed below.

¶49.    First, this issue is procedurally barred because Alexander has waived any challenge to the chancery court's determination that the 1993 tax deed was void, including the theory Alexander now raises that Musgrove was not entitled to statutory notice of redemption with respect to the 1990 tax sale. This lawsuit has been pending since 1993. Despite the fact that the Joan Gallman tax redemption notation has been in existence since 1987, it was not until

---

[5] Musgrove does not dispute this assertion. She states in her Appellee's Brief that she "is in fact that same Joan Gallman asserted by Alexander, her former married name having been Patsy Joan Gallman." There is no evidence, however, of this fact in the record or any indication that this fact was presented to the chancery court. We therefore address Alexander's assertions.

February 2018 that Alexander asserted that "Joan Gallman," and not Musgrove, was the property owner entitled to statutory notice of redemption relating to the 1990 tax sale—twenty-five years after Musgrove filed her complaint seeking to set aside the 1993 tax deed. Moreover, this new theory relates to the validity of the *first* (1993) tax deed, but Alexander did not raise any issue in his first appeal challenging the prior chancellor's determination that the first tax deed was void. *Alexander I*, 72 So. 3d at 539 (¶1). The only issue Alexander raised on appeal in *Alexander I* with respect to the two tax deeds was that "there is a genuine issue of material fact regarding who was entitled to notice for the *second tax sale*." *Id.* (emphasis added). Likewise, the only issue sent back to the chancery court to determine on remand that related to the tax deeds was the validity of the *second* tax deed. *Id.* at 540 (¶11). Accordingly, because the chancery court's determination that the *first* tax deed was void was never challenged on appeal, this issue is waived. *Jourdan River Estates LLC v. Favre*, 278 So. 3d 1135, 1147 (¶47) (Miss. 2019) (determining that because "the plaintiffs did not assign as error or make any argument respecting this portion of the circuit court's order . . . [any] argument against the dismissal of these claims is waived"); *Petty v. Baptist Mem'l Health Care Corp.*, 190 So. 3d 17, 20 (¶7) (Miss. Ct. App. 2015) (holding that because the appellant did not "raise any arguments regarding the circuit court's grant of summary judgment on her claims of tortious interference and defamation, she has now waived those issues").

¶50. To address the specific circumstances in this case, we further find that because

21

Alexander did not assign as error the chancery court's determination with respect to the 1993 tax deed in *Alexander I*, he certainly cannot circumvent his failure to do so by attempting to raise his new theory on this issue on remand. *See Allstate Ins. Co. v. McGory*, 697 So. 2d 1171, 1176 (¶24) (Miss. 1997) ("The original ruling denying punitive damages was not raised on the first appeal in this case. . . . Therefore, the original summary judgment (not appealed by the McGorys at that time) should stand."); *accord Med. Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (explaining that under the waiver doctrine, "an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand").

¶51. As the Mississippi Supreme Court recognized in the analogous law-of-the-case context,[6] "[w]hile [the appellant] did not raise this theory in the prior appeal, *he should have done so*, as the matter [that this theory relates to] . . . was squarely before the Court at that time." *Lee v. Thompson*, 167 So. 3d 170, 177 (¶20) (Miss. 2014) (emphasis added). Similarly, in this case, Alexander waived his ability to challenge the chancellor's ruling that

---

[6] In *Holder*, the United States Court of Appeals for the Fifth Circuit explained that "[t]he waiver doctrine, like the law-of-the-case doctrine, serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." *Holder*, 634 F.3d at 834 (citation and internal quotation mark omitted). But the waiver doctrine "differs from the law-of-the-case doctrine in that it arises as a consequence of a party's inaction, not as a consequence of a decision on our part." *Id.* (internal quotation mark omitted). In the case before us, this Court did not specifically address the validity of the first tax deed in *Alexander I* because the issue was not raised on appeal. Accordingly we find that the waiver doctrine, rather than the law-of-the-case doctrine, applies in this case.

the 1993 tax deed was void, including his ability to raise his new theory that Patsy Musgrove did not own the subject property and thus was not entitled to statutory redemption notice relating to the 1990 tax sale. Alexander's challenge to the 1993 tax deed on this basis is barred by the waiver doctrine.

¶52. We also find that the 1987 Joan Gallman tax redemption notation does not demonstrate that the prior chancellor erred in finding that the 1993 tax deed was void as a matter of law based upon the statutory notice insufficiencies with respect to the 1990 tax sale. The entry Alexander relies upon merely shows "R#363" entered in one column and "Joan Gallman" entered in the next column. There is no heading on either column, and there is no indication what property was associated with the entries.

¶53. In comparison, the 1982 deed shows that "Patsy Joan Phillips" (Musgrove) obtained the property in 1982 from Lib and Sue Vanderford (with the timber rights excepted). Further, the 1993 tax deed issued to Alexander with respect to 1990 tax sale plainly states that on August 27, 1990, the Lawrence County Tax Assessor sold the subject property "assessed to *Patsy Joan Phillips* . . . for the taxes assessed thereon for the year 1989, when James Alexander became the best bidder therefore[.]" (Emphasis added). Additionally, defendant Lawrence County Chancery Clerk Sherrod Rayborn admitted in his answer to Musgrove's amended complaint that to the best of his knowledge, "Patsy Phillips Musgrove, the same person as Patsy Joan Phillips," was vested with title to the subject property. Sherrod Rayborn further admitted to numerous notice insufficiencies under section 27-43-3

23

relating to the 1990 tax sale, including the chancery court's failure to personally notify Musgrove or her agent, notify Musgrove by certified or registered mail, and publish notice of the maturing tax sale concerning the subject property in 1992. Finally, in his answer to the amended complaint, Alexander himself asserted as an affirmative defense that Sherrod Rayborn purposefully failed to comply with the 1990 tax sale redemption notice requirements, allegedly constituting a "fraud" on the public and on Alexander, specifically, so Musgrove could "avoid the . . . redemption period and thereby not lose [her] property." In short, we find no error in the chancery court's determination that the 1993 tax deed was void due to the statutory redemption notice deficiencies. We find that Alexander's challenge to this determination is without merit.

## II. Timing of the Judgment Upon Remand

¶54. Alexander asserts that the Judgment Upon Remand was "premature" because the chancery court "fail[ed] to comply with its commitment to continue the case with further court proceedings" before entering its decision on August 9, 2019. We find no merit in Alexander's assertion. The parties had ample opportunity to present all evidence and argument in support of their positions, and there were no outstanding issues when the chancery court entered its Judgment Upon Remand on August 9, 2019.

¶55. Specifically, the issues on remand were tried before the chancery court on August 22, 2017. Prior to the start of trial, the chancery court confirmed that the parties had had "ample time" to prepare for trial and that they were ready for trial. The parties stipulated to the

24

issues to be addressed at trial, and the parties presented evidence and questioned Kevin Rayborn, the current Chancery Clerk of Lawrence County, who was the only witness called by either party. The parties also presented summations at the end of the trial, and the chancery court allowed the parties five days to present briefs or any other documentation to support their positions.

¶56. In January 2018, after the chancellor discovered that the parties failed to have exhibits that were presented at trial admitted into evidence, the chancellor corrected this oversight by issuing its Order Allowing Post-Hearing Introduction of Exhibits. Attached to this order were the tax receipts on the subject property from 1988 through 2016; the deposit slip showing the original deposit into the Lawrence County Chancery Clerk's account of the timber proceeds from the 1994 timber harvest; and the bank statement showing the account's current balance. Additionally, in February 2018, Alexander filed the 1987 Joan Gallman tax redemption record discussed above. Finally, on July 9, 2018, Alexander wrote a letter to the chancery court restating his position with respect to the issues in the case and then ended his letter by requesting that the chancery court issue its decision "without fail."

¶57. On August 9, 2019, the chancery court, after having acquainted itself "with all pleadings, referenced law, case law, arguments, transcript of proceedings and exhibits in this matter," entered its Judgment Upon Remand. We find no error in the chancery court's entering its judgment at that time. The Judgment Upon Remand was not premature.

¶58. Alexander, however, relies on the chancellor's January 8, 2018 letter to the parties in

25

which the chancellor explained the need for another hearing due to Alexander's outstanding "Motion to Claim Monies" that Alexander filed on March 14, 2014, pertaining to the timber proceeds on deposit with the Lawrence County Chancery Clerk. In his letter, the chancellor explained that the timber interest was held by Lib Vanderford, now the Estate of Lib Vanderford (substituted as a party by agreement after Vanderford's death), and that there was no indication in the record that Alexander had provided the Vanderford Estate (or Musgrove) with notice of the motion. The chancellor specifically directed Alexander to schedule a hearing date and to issue notice of the hearing to the Vanderford Estate and Musgrove. There is no indication in the record that Alexander complied with this explicit directive. Eventually the issue became moot because, as the chancellor stated in his Judgment Upon Remand, "all of the heirs of Lib Vanderford signed quit-claim deeds to Patsy Joan Vanderford Gray (formerly Musgrove) to the [subject] property."

¶59. In sum, Alexander's own inaction, coupled with the quitclaim deeds from the Vanderford heirs to Musgrove with respect to their timber rights in the property, eliminated the need for another hearing prior to the chancellor issuing his Judgment Upon Remand. We find no prejudice to Alexander on these facts and reject his contention that the Judgment Upon Remand was issued prematurely.

### III. Consolidation of Cause Number 14,871 (Musgrove/Vanderford action) and Cause Number 94-0109 (timber-proceeds interpleader action)

¶60. Alexander asserts that the chancery court's consolidation of "Cause No. 94-0109 with

26

Cause No. 14,871 [was] in error as they reflect two independent and unrelated tax sale purchases" and that this "merger" "leaves no room for restitution nor resolution of unreimbursed funds submitted by [Alexander] in good faith." For the reasons addressed below, we find no merit in these assertions.

¶61. The Agreed Order entered on August 24, 1998, specifically provides that it was entered "upon oral motion of the attorneys of record for the parties in [Cause Number 94-0109 and Cause Number 14,871], and *upon agreement of counsel*." (Emphasis added). Alexander was represented by counsel at the time. The Agreed Order was signed by the chancellor as well as each party's lawyer as "agreed to." Pursuant to this order, the Estate of Lib Vanderford was substituted for Lib Vanderford, Musgrove was allowed to amend her complaint to include claims relating to the 1998 tax deed, and Cause Number 94-0109 (the timber interpleader action) and Cause Number 14,871 (the Musgrove/Vanderford action) were consolidated for trial.

¶62. Alexander is bound by the Agreed Order entered by the chancery court and signed by his lawyer. In *Newsome v. Peoples Bancshares*, 269 So. 3d 19, 31 (¶40) (Miss. 2018), the supreme court recognized:

> It is always presumed that an attorney who has represented a party is authorized to do all acts necessary to properly conduct the litigation, and the party denying such authority has the burden of showing his want of authority, and is bound, as to the opposite party, by any act which the attorney does in the regular course of practice, however improper the act may be, if done without fraud or collusion.

(Quoting *Great Atl. & Pac. Tea Co. v. Majure*, 176 Miss. 356, 168 So. 468, 472 (1936)). We

27

find that this principle applies here. Alexander makes no argument, and offers no evidence, that his lawyer was unauthorized to agree that Musgrove could amend her complaint and that the two lawsuits could be consolidated. Nor does Alexander cite any legal authority that would prohibit such an agreement.

¶63.    Regarding the agreed-to amendment to the complaint, Mississippi Rule of Civil Procedure 15(a) allows a party to "amend a pleading . . . upon written consent of the adverse party; leave shall be freely given when justice so requires." Rule 15(a) was complied with here with respect to amending the complaint to add a challenge to the validity of Alexander's 1998 tax deed. As noted, Alexander's lawyer consented to the amendment in writing.

¶64.    Regarding consolidation of the two actions, Mississippi Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order . . . the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Although Alexander asserts that the two actions "reflect two independent and unrelated tax sale purchases," we do not find merit in this assertion. In the Musgrove/Vanderford action, Musgrove seeks to void Alexander's tax deeds on the subject property, and the Vanderford Estate seeks damages for the timber cut and removed from the property. The interpleader action concerns the proceeds from the 1994 timber harvest on the property. The two actions, both pending before the chancery court, plainly "involv[e] a common question of law or fact." We find no abuse of discretion in any manner in the chancery court's ordering the agreed-to consolidation

28

under Rule 42(a).

¶65. Alexander asserts that "merg[ing]" the two lawsuits "leaves no room for restitution nor resolution of unreimbursed funds submitted by [Alexander] in good faith." We simply find nothing in the record that supports this contention. On the contrary, the chancery court reviewed the tax receipts submitted at trial and determined that Musgrove owed Alexander reimbursement for property taxes paid from the tax year 1989 (relating to the first tax sale) through the tax year 2018 (the last tax year before the Judgment Upon Remand was entered in August 2019), with the exception of the tax years 1991 and 2007,[7] "plus the statutory interest of 1.5% per month[,] . . . for a total of $13,208.31." The chancery court's reimbursement calculation covers the entire relevant period and is supported by substantial credible evidence. Alexander's assertion on this point is without merit.

### IV. The Timber Proceeds

¶66. Alexander asserts that Vanderford's claim for the timber proceeds was time-barred and that Musgrove is not entitled to the 1994 timber proceeds. We find no merit in either assertion, as addressed below.

¶67. To briefly reiterate the relevant facts, in May 14, 1994, Alexander contracted to have the timber on the subject property harvested, and it was cut and sold shortly thereafter. On May 16, 1995, Musgrove filed an amended complaint adding Lib Vanderford as a plaintiff due to his life estate ownership interest in the timber. Vanderford asserted claims for "actual

---

[7] The record reflected that Musgrove paid the property taxes in 1991 and 2007.

damages for the value of the timber cut and removed from subject land" and statutory penalties provided for in Mississippi Code Annotated section 95-5-10.

¶68. Alexander now claims on appeal that the May 16, 1995 complaint "failed to meet the statutory timing to affect a judgment regarding the timber." Alexander cites no legal authority for this proposition and thus fails to comply with the requirement that an appellant's arguments must be supported by "the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). "Arguments that do not comply with Rule 28(a)(7) are 'procedurally barred.'" *Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017) (quoting *Cowart v. State*, 178 So. 3d 651, 666 (¶39) (Miss. 2015)). We further observe that "'[w]hile pro se litigants are afforded some leniency, they must be held to substantially the same standards of litigation conduct as members of the bar.'" *Id.* (quoting *Sumrell v. State*, 972 So. 2d 572, 574 (¶6) (Miss. 2008)).

¶69. Procedural bar notwithstanding, we also reject Alexander's contention on the merits. We recognize that in 1994, when the timber was cut and removed, a one-year statute of limitations applied to "[a]n action for any *specific* penalty." Miss. Code Ann. § 95-5-29 (Rev. 1994) (emphasis added). But the chancery court did not award a statutory penalty for the timber cutting in this case. Rather, the chancery court granted Vanderford's request for actual damages (i.e., the proceeds from the timber sale). With respect to this claim, in 1994 the applicable limitations period was three years from the time the timber was cut, as explained by the Mississippi Supreme Court in *Stockstill v. Gammill*, 943 So. 2d 35, 45-49

(¶¶19-28) (Miss. 2006).

¶70.    Addressing claims for damages for timber cut in December 1997, the supreme court held that although section 95-5-29 provided a one-year limitations period for a claim for specific penalties for timber cutting, "claims for the fair market value of . . . trees cut and reforestation costs were governed by Miss. Code Ann. § 15-1-49, . . . which provides for a three-year limitations period" from the time the cause of action accrued. *Stockstill*, 943 So. 2d at 49 (¶28).[8]

¶71.    The same statutory provisions in effect during the relevant time period in *Stockstill* were in effect when Alexander harvested the timber in this case in May 1994. Accordingly, Mississippi's catch-all limitations provision under Mississippi Code Annotated section 15-1-49 (1972) also applies in this case to Vanderford's claim for actual damages for the timber cutting. The amended complaint adding Vanderford's timber-cutting claim was filed on May 16, 1995, well within the applicable three-year limitations period that began running when the timber was cut in mid-May 1994. Vanderford's claim for the value of the trees cut was not time-barred. Alexander's assertions on this point are without merit.

¶72.    We also find that Alexander's contention that the chancery court erred in awarding the timber proceeds to Musgrove is without merit. After Vanderford's death, the parties

---

[8] In 1999 the Mississippi Legislature amended Mississippi Code Annotated section 95-5-29 to provide that a two-year statute of limitations applies to any action "for the remedies and penalties provided by Section 95-5-10 [(actions for "cutting down or killing trees")]."

agreed that his estate would be substituted in his place in Cause Number 14,871 (the Musgrove/Vanderford action). Subsequently, as reflected in the chancery court's Judgment Upon Remand, all of Lib Vanderford's heirs signed quitclaim deeds to Musgrove to their interests in the subject property (excepting all oil, gas, and other minerals). As the chancery court determined, Musgrove owns the property, including the timber rights. We therefore find no error in the chancery court's determination that Musgrove was entitled to the timber sale proceeds.

## V. Property Taxes Reimbursement

¶73. Alexander asserts that the chancery court incorrectly calculated the amount Musgrove owed him as reimbursement for property taxes paid, plus interest. Alexander has failed to correctly assert this assignment of error, and we therefore are unable to take notice of it. As specifically stated in Mississippi Rule of Appellate Procedure 14(c):

> When a party relies on an error in the calculation of interest or damages as a reason for altering a judgment, a true calculation shall be presented to the appellate court, in writing and figures, with a certificate by a certified public accountant not interested in the cause, that the calculation is correct; and no such error will be noticed unless so presented to the Supreme Court or the Court of Appeals.

Alexander has submitted as part of his "record excerpts" a one-page chart titled "Taxes Paid by James Alexander Sr." that appears to be his calculation of the reimbursement amount owed to him, plus interest. There is no indication in the record that this document was filed in the chancery court record prior to the chancery court issuing its August 2019 Judgment Upon Remand. To the extent Alexander seeks to have this Court consider his calculations,

32

the submission has no "certificate by a certified public accountant not interested in the cause, that the calculation is correct." M.R.A.P. 14(c). We therefore are unable to consider this purported assignment of error. *Id.*

¶74. In any event, we find no merit in Alexander's assertion. The Judgment Upon Remand reflects that the chancellor reviewed the tax receipts submitted at trial and admitted into evidence. The chancellor carefully itemized the tax receipts for 1989–2018, listing the date a tax payment was made, the amount, and the interest due, all as reflected in Exhibit A attached to the judgment. The chancellor then applied the statutory interest rate of 1.5% per month, calculating that Musgrove owed Alexander reimbursement for property taxes paid, plus interest, in the amount of $13,208.31, to be paid "within thirty days of the date of [the Judgment Upon Remand]." We find that the chancery court's calculations with respect to reimbursement to Alexander for property taxes paid, plus interest, are supported by substantial credible evidence.[9]

## VI. Appeal Costs from *Alexander I*

¶75. Alexander asserts that the chancery court's Judgment Upon Remand "failed to include judgment for the $5,000 cost of my appeal Cause No. 2010-CA-00890-COA [(*Alexander I*)]." We reject this assignment of error for two reasons.

---

[9] According to the assertions in Musgrove's Appellee's Brief, "Community Bank Official Check Number 368357 in the amount of $13,208.31 was sent to the Lawrence County Chancery Clerk as the amount awarded to Alexander in the Court's Judgment on Remand. Alexander has refused acceptance of this payment, and the check is in the possession of the Lawrence County Chancery Clerk at this time."

¶76. To briefly recap the relevant circumstances, before the end of the August 22, 2017 trial in the chancery court, Alexander orally requested attorney's fees in the amount of $5,000. In making this request, Alexander relied upon the mandate in *Alexander I*, which provided that "all costs of this appeal are assessed to the appellee [(Musgrove)]." The "costs'" assessed pursuant to the Court's mandate from *Alexander I*, however, do not include attorney's fees. Mississippi Rule of Appellate Procedure 36(c) provides that these "costs" include only the "costs incurred in the preparation and transmission of the record, the costs of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the appeal[.]" Because "costs" of appeal do not include attorney's fees, Alexander's assignment of error on this point is without merit.

¶77. Second, to the extent Alexander is asserting that he is entitled to attorney's fees incurred post-*Alexander I* in the chancery court, we find that he has waived that issue.[10] When Alexander orally requested $5,000 in attorney's fees at the end of the August 22, 2017 trial, he offered no statement or billings in support of his request. The chancellor made no ruling on the issue, but instead specifically told Alexander that "[i]f you've got something

---

[10] The record reflects that in the "Final Judgment" entered by the prior chancellor on April 27, 2010, which Alexander appealed from in *Alexander I*, Alexander was awarded "attorney['s] fees in the amount of $1,000 . . . for the failure of the county to comply with the statutes." Alexander does not refer to this judgment, and we therefore do not believe that this relates to his current assertion that he is entitled to $5,000 in attorney's fees. In any event, the issue would be waived. Further, Musgrove states in her Appellee's Brief that she has paid this $1,000 amount into the registry of the Lawrence County Chancery Court.

34

to file about attorney's fees . . . you need to file it and bring it to my attention." The record reflects that nothing was filed by Alexander relating to his $5,000 attorney's fees request or supporting such a request. There was no ruling on this issue. Because Alexander did not properly raise this issue in the chancery court as instructed by the court and obtain a ruling, "there is no discretionary ruling for this Court to review." *Hoffman v. Hoffman*, 270 So. 3d 1121, 1129 (¶32) (Miss. Ct. App. 2018). This issue is therefore procedurally barred on appeal. *Id.*

¶78. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**